UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL BERNALDEZ,<br><br>                           Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                          Respondent. | Case Nos.: 16CV1370, 11CR4457<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**<br><br>**(Doc. Nos. 1, 41)** |

On June 7, 2016, Petitioner Lionel Bernaldez ("Petitioner") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 41.) The United States opposes the motion. (Doc. No. 45.) For the following reasons, the Court **DENIES** Petitioner's motion.

## BACKGROUND

In 2002, Petitioner pled guilty to robbery in violation of California Penal Code section 211 and was sentenced to two years' imprisonment. (Doc. No. 25 at 5.) In 2004, Petitioner pled guilty to burglary in violation of California Penal Code section 459 and was sentenced to 32 months' imprisonment. (*Id.*)

In October 2010 and January 2011, officials with the San Diego Police Department took part in a controlled drug buy using a confidential informant ("CI"). (*Id.* at 3.) During

the multiple operations, the CI was able to purchase approximately 51.95 grams of cocaine and two firearms from Petitioner. (*Id.* at 3–4.) On October 4, 2011, Petitioner was indicted on one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 1.) An arrest warrant was issued the same day. (Doc. No. 25 at 4.) Petitioner was arrested on November 9, 2011. (*Id.*)

On March 6, 2012, Petitioner pled guilty to Count 2, felon in possession of a firearm. (Doc. No. 21.) The predicate criminal convictions for that count were, *inter alia*, his felony convictions for burglary and robbery in violation of California Penal Code sections 459 and 211, respectively. (Doc. No. 21 at 3; Doc. No. 25 at 5, 11.) The presentence report set, and the Court accepted, Petitioner's base offense level at 22 because "the offense involved an assault rifle with a large capacity magazine" and Petitioner had committed the offense subsequent to his felony conviction for robbery, "which is a crime of violence[.]" (Doc. No. 25 at 11; Doc. No. 41 at 31.) Following an increase of 2 to the base offense level due to the firearm being stolen and a decrease of 3 due to Petitioner accepting responsibility, his ultimate base offense level was 21. (Doc. No. 41 at 31.) Coupled with being criminal history category VI, the guideline range for Petitioner's sentence was 77 to 96 months. (*Id.*)

The United States recommended that Petitioner be sentenced to 77 months in prison. (*Id.* at 33.) However, because Petitioner was also facing criminal charges in California state court, the Court sentenced Petitioner to the upper limit of 96 months, based in part upon the United States' representation that the District Attorney's Office would dismiss the pending state charges in exchange for a 96-month sentence. (*Id.* at 33, 36–37.) Petitioner stipulated to the 96-month sentence. (*Id.* at 31–32, 35.)

Petitioner did not file an appeal or otherwise challenge his sentence. (*Id.* at 10.) On June 6, 2016, Petitioner filed the instant motion to vacate, correct, or set aside the sentence based on two recent Supreme Court decisions: *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). (Doc. No. 41.) The Government filed an opposition on July 19, 2016. (Doc. No. 45.)

**LEGAL STANDARD**

A federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. If it is clear the movant has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

**DISCUSSION**

Petitioner requests the Court vacate his 96-month sentence and resentence him in light of the Supreme Court's recent decisions in *Johnson* and *Welch*. The Court in *Johnson*, 135 S. Ct. at 2563, held unconstitutionally vague the residual clause of the Armed Career Criminals Act ("ACCA"), which defined a "violent felony" as any felony that "involves conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B). *Welch* recognized that *Johnson* announced a substantive rule applying retroactively on collateral review. 136 S. Ct. at 1265.

Petitioner argues that his sentence was incorrectly calculated because it was premised on his robbery conviction under section 211 being improperly characterized as a crime of violence. While he was not sentenced under the ACCA, U.S.S.G. §§ 2K2.1 and 4B1.2 use language identical to that rendered unconstitutionally vague by *Johnson*. (Doc. No. 41 at 16–18.) Specifically, § 4B1.2[1] defined "crime of violence" at the time Petitioner was sentenced as follows:

---

[1] While Petitioner was sentenced under § 2K2.1, that section defines "crime of violence" by reference to § 4B1.2(a) and Application Note 1 to § 4B1.2. For clarity, the Court will refer only to § 4B1.2 unless otherwise necessary.

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
>> (1) has an element the use, or attempted use of physical force against the person of another, or
>>
>> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise *involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2 (emphasis added). Application Note 1 of the Commentary further clarifies that "'crime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling."

Petitioner's argument is straightforward: (1) § 41B.2 includes language that is identical to that found unconstitutionally vague in *Johnson*. (2) Robbery, which was identified as a crime of violence in Petitioner's presentence report, could only have been categorized as such based on this unconstitutional language. (3) As such, the base offense level was predicated on the erroneous assumption that robbery is a crime of violence, thus rendering Petitioner's sentencing range too high. (4) Thus, Petitioner's sentence must be vacated so that he may be sentenced under a constitutionally appropriate base offense level.

Unfortunately for Petitioner, the Ninth Circuit's recent—albeit unpublished—decision in *United States v. Tate*, 2016 WL 4191909 (9th Cir. Aug. 9, 2016), knocks the legs out from under the second step of his analysis. There, the panel addressed the same argument Petitioner makes here: Whether a robbery conviction under section 211 qualifies as a crime of violence under U.S.S.G. § 2K2.1. *Id.* at *1. The panel found it did based on the Ninth Circuit's published decision in *United States v. Becerril-Lopez*. *Id.* at *1–2.

In *Becerril-Lopez*, the Ninth Circuit analyzed whether section 211 qualified as a crime of violence under U.S.S.G. § 2L1.2. 541 F.3d 881, 889 (9th Cir. 2008). The Ninth Circuit held it did. *Id.* at 893. Applying the test set forth in *Taylor v. United States*, 495 U.S. 575 (1990), the Ninth Circuit found a conviction under section 211 categorically qualified as a crime of violence because such a conviction could only result from conduct

that either fell within the generic definition of robbery or the generic definition of extortion, both of which were listed as crimes of violence in Application Note 1 to § 2L1.2. *Becerril-Lopez*, 541 F.3d at 890–93; *see also United States v. Flores-Mejia*, 687 F.3d 1213, 1214 (9th Cir. 2012) ("any conviction under [section] 211 constitutes a crime of violence for purposes of § 2L1.2, regardless of whether the crime of conviction could be characterized as generic robbery or generic extortion"). As the Ninth Circuit noted in *Tate*, the decision in *Becerril-Lopez* "is undisturbed by *Johnson*[.]" 2016 WL 4191909, at *1.

Like Application Note 1 to U.S.S.G. § 2L1.2, Application Note 1 to U.S.S.G. § 4B1.2 also includes robbery and extortion in its list of crimes of violence. Because the Ninth Circuit has unequivocally held that a conviction for robbery under section 211 can only result from conduct that constitutes either generic robbery or generic extortion, Petitioner's robbery conviction was appropriately characterized as a crime of violence under U.S.S.G. § 2K2.1 when he was sentenced.

Petitioner argues that Application Note 1 plays no role in defining "crime of violence." (Doc. No. 41 at 13–16.) Specifically, Petitioner argues that robbery cannot qualify under the force clause in light of the Ninth Circuit's decision in *United States v. Dixon*, 805 F.3d 1193 (9th Cir. 2015), where the panel concluded robbery under section 211 is not a "violent felony" under the ACCA, which defines "violent felony" identically to the language used in the force clause contained in § 4B1.2(a)(1). (*Id.* at 12–13.) Petitioner further argues that because § 4B1.2 contains an enumerated list of offenses that qualify as crimes of violence, the note cannot add robbery to that list because the list is exclusive. (*Id.* at 13–15.) Petitioner concludes that the only permissible construction of the note's list is as "an interpretation of the now-void residual clause." (*Id.* at 14.) The Government retorts that the list included in the note is not plainly inconsistent with § 4B1.2's text in that it could be read as "covering any other offense that has an element the use, attempted use, or threatened use of physical force against the person of another." (Doc. No. 45 at 24.) In other words, the note's list can be read as illustrating crimes that qualify under the force clause contained in § 4B1.2(a)(1), which is undisturbed by *Johnson*.

The Court agrees with the Government that there is nothing plainly inconsistent between § 4B1.2 and Application Note 1. Petitioner's reliance on *United States v. Dixon* does not require a contrary result. In that case, the Ninth Circuit analyzed the ACCA's definition of a "violent felony," which uses language that is identical to the force clause in § 4B1.2(a)(1): "[A]ny crime punishable by imprisonment for a term exceeding one year . . . that—(i) *has an element the use, attempted use, or threatened use of physical force against the person of another*[.]" 805 F.3d at 1195 (quoting 18 U.S.C. § 924(e)(1)) (emphasis added). Applying the test of *Taylor*, the panel concluded a robbery conviction under section 211 does not qualify as a "violent felony" because a person can be convicted under the statute for conduct that does not fall within the generic definition of extortion and results from the accidental or negligent use of force. *Id.* at 1197.

The cincher to the Ninth Circuit's conclusion, however, was that "the ACCA's definition of 'violent felony' includes only generic extortion; it omits generic robbery." *Id.* at 1196 (citing 18 U.S.C. § 924(e)(2)(B)(ii)). For this reason, the Ninth Circuit concluded *Becerril-Lopez* and *Flores-Mejia* were not controlling, though they "are useful precedents[.]" *Id.* Unlike the definition of "violent felony," Application Note 1 to § 41B.2 includes robbery in its list of crimes that qualify as crimes of violence. The Court therefore concludes, as did the panel in *Tate*, that *Becerril-Lopez* and *Flores-Mejia* control this case's outcome, not *Dixon*.[2]

---

[2] In *United States v. McDougherty*, the Ninth Circuit squarely addressed the issue of whether a robbery conviction under section 211 qualifies as a crime of violence within the meaning of § 4B1.2. 920 F.2d 569, 572–74 (9th Cir. 1990). There, the Ninth Circuit concluded a section 211 conviction does qualify because it is "certainly the kind of crime that presents a serious risk that physical force may be used." *Id.* at 574. However, this conclusion rested on the fact that § 4B1.2 previously defined "crime of violence" by referring to 18 U.S.C. § 16, which defined it as, *inter alia*, "any [] offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* at 573–74. Because § 4B1.2 no longer defines "crime of violence" in this manner, the Court finds the reasoning in *Becerril-Lopez* and *Flores-Mejia* to be more on point.

Finally, the Court notes that Petitioner's position suffers from a glaring oversight: Petitioner was sentenced under U.S.S.G. § 2K2.1, *not* U.S.S.G. §§ 4B1.1 and 4B1.2. Section 2K2.1 gives "'crime of violence' [] the meaning given that term in § 4B1.2 ***and*** Application Note 1 to § 4B1.2 . . . ." (emphasis added). Because § 2K2.1 imports the definitions contained in both § 4B1.2 and its note, Petitioner's conviction for robbery under section 211 categorically qualified as a crime of violence. *See Tate*, 2016 WL 4191909, at *2. The Court therefore properly assigned Petitioner a base offense level of 21 when he was sentenced.[3]

## CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

**IT IS SO ORDERED**.

Dated: August 12, 2016

*[signature]*
Hon. Anthony J. Battaglia
United States District Judge

---

[3] Based on this conclusion, the Court need not reach the Government's arguments that Petitioner waived his right to collaterally attack his sentence, Petitioner procedurally defaulted his sentencing challenge, and *Johnson* is not retroactively applicable in the Sentencing Guidelines context. (Doc. No. 45.)